IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAMON LAMONT WHEELER,    )
                         )
        Plaintiff,       )
                         )
    vs.                  )   Case No. 23-1036-DDC-KGG
                         )
EIGHTEENTH JUDICIAL DISTRICT, )
                         )
        Defendants.      )
                         )

**MEMORANDUM & ORDER ON
MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES
AND REPORT & RECOMMENDATION FOR DISMISSAL**

In conjunction with his federal court Complaint (Doc. 1), Plaintiff Damon Lamont Wheeler has also filed a Motion to Proceed Without Prepaying Fees ("IFP application," Doc. 3, sealed) with a supporting financial affidavit (Doc. 3-1).[1] After review of Plaintiff's motion, as well as the Complaint, the Court **GRANTS** the IFP application (Doc. 3) but **recommends** Plaintiff's claims be **dismissed** for failure to state a viable federal cause of action.

---

[1] Plaintiff has filed another case against the same Defendant seeking expungement of other state court criminal records.  Case No. 23-1208-JAR-KGG.

1

A.     **Motion to Proceed IFP.**

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). "Proceeding in forma pauperis in a civil case 'is a privilege, not a right – fundamental or otherwise.'" ***Barnett v. Northwest School***, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting ***White v. Colorado***, 157 F.3d 1226, 1233 (10th Cir. 1998)). The decision to grant or deny in forma pauperis status lies within the sound discretion of the court. ***Cabrera v. Horgas***, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999).

There is a liberal policy toward permitting proceedings in forma pauperis when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See generally*, ***Yellen v. Cooper***, 828 F.2d 1471 (10th Cir. 1987). In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. See ***Patillo v. N. Am. Van Lines, Inc.***, No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); ***Webb v. Cessna Aircraft***, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In the supporting financial affidavit, Plaintiff indicates he is 39 and single with four minor dependents for whom he provides a small amount of monthly

financial support. (Doc. 3, sealed, at 1-2.) The Court notes that Plaintiff lists two other "dependents," but indicates they are 18 years old; as such, these two individuals are not considered legal dependents for the purposes of this motion. He states that he is in arrears as to the child support payments. (*Id*., at 5.)

Plaintiff indicates he is unemployed, but does list a former employer. (*Id*., at 2.) He lists no other income or government benefits. (*Id*., at 4-5.) He does not own real property or an automobile. (*Id*., at 3-4.) He lists no monthly expenses and states that he is currently residing in government housing. (*Id*., at 3, 5.) He has never filed bankruptcy. (*Id*., at 6.)

Given Plaintiff's income and financial obligations, the Court finds that Plaintiff's access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs. The Court thus **GRANTS** Plaintiff leave to proceed *in forma pauperis*. (Doc. 3, sealed.)

**B.     Sufficiency of Complaint and Recommendation for Dismissal.**

Pursuant to 28 U.S.C. §1915(e)(2), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action or appeal – (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "When a plaintiff is proceeding in forma pauperis, a court has a duty to review the complaint to ensure a proper balance between these competing

interests." **Mitchell v. Deseret Health Care Facility**, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013). The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." **Harris v. Campbell**, 804 F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face. **Hall v. Bellmon**, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See* **Kay v. Bemis**, 500 F.3d 1214, 1217-18 (10th Cir. 2007). In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff. *See* **Moore v. Guthrie**, 438 F.3d 1036, 1039 (10th Cir.2006). The Court will also liberally construe the pleadings of a pro se plaintiff. *See* **Jackson v. Integra Inc.**, 952 F.2d 1260, 1261 (10th Cir.1991).

This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff. **Hall**, 935 F.2d at 1110; *see also* **Haines v. Kerner**, 404 U.S. 519, 92 S.Ct. 594 (1972). Liberally construing a pro se plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite

4

proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." ***Hall***, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." ***Fisher v. Lynch***, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), and ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir.1991) (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." ***Fisher***, 531 F. Supp.2d at 1260 (citing ***Bell Atlantic Corp. v. Twombly***, 127 S.Ct. at 1974).   Factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." ***Kay v. Bemis***, 500 F.3d at 1218 (citing ***Bell Atlantic Corp. v. Twombly***, 127 S.Ct. At 1965).

The Court's relaxed scrutiny of the *pro se* plaintiff's pleadings "does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." ***Hall***, 935 F.2d at 1110. "Conclusory statements unsupported by factual allegations are insufficient to state a claim, even for a pro

5

se plaintiff." ***Olson v. Carmack***, 641 Fed.Appx. 822, 825 (10th Cir. 2016). "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury...." ***Hall***, 935 F.2d at 1110.

While a complaint generally need not plead detailed facts, Fed.R.Civ.P. 8(a), it must give the defendant sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. ***Monroe v. Owens***, Nos. 01-1186, 01-1189, 01-1207, 2002 WL 437964 (10th Cir. Mar. 21, 2002). Rule 8(a) requires three minimal pieces of information to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed. R. Civ. P. 8(a). After reviewing a plaintiff's Complaint and construing the allegations liberally, if the Court finds that he has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

Plaintiff has the burden of demonstrating subject matter jurisdiction exists for him to proceed in federal court. ***U.S. ex rel. Eaton v. Kansas Healthcare Invs., II, L.P.***, 22 F. Supp. 2d 1230, 1236 (D. Kan. 1998). In the present lawsuit, Plaintiff seeks backpay from the Kansas Department of Labor for November 2016-February 2017 in an amount slightly more than $1,600. (*See generally* Doc. 1; *see also*, Doc. 3, at 1.) Here, even a liberal reading of Plaintiff's pleading fails to

establish subject matter jurisdiction based on diversity of the parties, 28 U.S.C. § 1332, or based on the presentation of a federal question, 28 U.S.C. § 1331. Diversity jurisdiction is present when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000 (exclusive of interests and costs). 28 U.S.C. § 1332. *See also* ***Grynberg v. Kinder Morgan Energy Partners, L.P.***, 805 F.3d 901, 905 (10th Cir. 2015) ("Diversity jurisdiction requires complete diversity – no plaintiff may be a citizen of the same state as any defendant.").

Plaintiff's Complaint does not support diversity jurisdiction because it alleges both Plaintiff and Defendant Kansas Department of Labor are citizens of Kansas. (Doc. 1.) The Complaint does not allege an amount in controversy that exceeds $75,000. (*See* Doc. 1.) Finally, the Complaint does not allege a federal question.

Simply stated, Plaintiff's Complaint fails to establish any basis for federal court jurisdiction for his potential claims against Defendant. The undersigned Magistrate Judge thus **recommends** to the District Court that Plaintiff's claims be **DISMISSED** in their entirety for failure to state a cause of action pursuant to federal law.

IT IS THEREFORE ORDERED that Plaintiff's motion for IFP status (Doc. 3) is **GRANTED**.

IT IS **RECOMMENDED**, however, to the District Court that Plaintiff's Complaint (Doc. 1) be **DISMISSED**. The Clerk's office shall not proceed to issue summons in this case.

IT IS THEREFORE ORDERED that a copy of the recommendation shall be sent to Plaintiff via certified mail. Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, any written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO ORDERED AND RECOMMENDED**.

Dated at Wichita, Kansas, on this 13th day of March, 2023.

S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge
