IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DAMON LAMONT WHEELER,**

    Plaintiff,

v.

**KANSAS DEPARTMENT OF LABOR,**

    Defendant.

Case No. 23-1036-DDC-KGG

## MEMORANDUM AND ORDER

Pro se plaintiff Damon Lamont Wheeler[1] filed this lawsuit against the Kansas Department of Labor. Doc. 1. He alleges that defendant owes him backpay for the period November 2016 to February 2017. *Id.* at 4. With his Complaint, plaintiff also filed a Motion for Leave to Proceed in forma pauperis. Doc. 3. On March 13, 2023, Magistrate Judge Kenneth G. Gale issued a Memorandum & Order on Motion to Proceed Without Prepayment of Fees and Report & Recommendation for Dismissal. Doc. 4. Judge Gale's Order granted plaintiff leave to proceed in forma pauperis under 28 U.S.C. § 1915. *Id.* at 2–3. Then, Judge Gale screened plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B). *Id.* at 3–7.

After screening, Judge Gale concluded that plaintiff's Complaint doesn't meet the court's jurisdictional requirements. *Id.* at 7. The Complaint doesn't "support diversity jurisdiction because it alleges both Plaintiff and Defendant Kansas Department of Labor are citizens of Kansas[,]" nor does it "allege an amount in controversy that exceeds $75,000." *Id.* Those failures preclude jurisdiction under 28 U.S.C. § 1332. Also, "the Complaint does not allege a federal question[,]" which bars jurisdiction under 28 U.S.C. § 1331. *Id.* Judge Gale thus

---

[1]     Because plaintiff proceeds pro se, the court construes his filing liberally and holds it "to a less stringent standard than formal pleadings drafted by lawyers." *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

concluded that the "Complaint fails to establish any basis for federal court jurisdiction for [plaintiff's] potential claims against Defendant." *Id.* So, he recommended that the district court dismiss plaintiff's Complaint. *Id.*

Judge Gale's Order explained to plaintiff that he "shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file . . . any written objections to the findings of fact, conclusions of law, or recommendations[.]" *Id.* at 8. Also, it warned plaintiff that his "failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition." *Id.*

The Clerk of the Court mailed a copy of Judge Gale's Report and Recommendation to plaintiff by certified mail. *See* Docket Entry for Doc. 5 (noting that Order was "[m]ailed to pro se party Damon Lamont Wheeler by certified mail"); *see also* Mar. 13, 2023 Docket Entry (reciting that the Report and Recommendation was "mailed to Damon Lamont Wheeler on 3/14/2023 by certified mail; Certified Tracking Number 7019 0700 0000 5927 4841"). A certified mail receipt was returned showing the United States Postal Service had completed the certified mail delivery on March 22, 2023. Doc. 6.

Service of the Report and Recommendation was accomplished by "mailing it to [plaintiff's] last known address—in which event service [was] complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C); *ReVoal v. Brownback*, No. 14-4076, 2014 WL 5321093, at *1 (D. Kan. Oct. 16, 2014). "Mailing" occurred on March 14, 2023, when the Clerk mailed by certified mail the Report and Recommendation to plaintiff at his last known address of record. The time for plaintiff to file an Objection to the Report and Recommendation thus expired on March 28, 2023.

To date, plaintiff has filed no objections to the Report and Recommendation, nor has he sought to extend the time to file an objection. Because plaintiff has filed no objection to the Report and Recommendation within the time prescribed, and because he has sought no extension of time to file an objection, the court can accept, adopt, and affirm the Report and Recommendation in its entirety. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate.").

Also, the court has reviewed Judge Gale's Report and Recommendation. The court agrees with his conclusion that plaintiff's Complaint, even when given the most liberal construction, fails to state a basis for subject matter jurisdiction. Under Fed. R. Civ. P. 12(h)(3), the court must dismiss an action "[i]f the court determines at any time that it lacks subject-matter jurisdiction[.]" The court thus adopts Judge Gale's recommendation that the district court dismiss this lawsuit and dismisses plaintiff's lawsuit without prejudice under Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT THAT**, after reviewing the matter de novo, the Report and Recommendation issued by United States Magistrate Judge Kenneth G. Gale on March 13, 2023 (Doc. 5) is ACCEPTED, ADOPTED, and AFFIRMED. The court dismisses this action without prejudice under Fed. R. Civ. P. 12(h)(3) because it lacks subject matter jurisdiction over it.

**IT IS SO ORDERED.**

**Dated this 18th day of April, 2023, at Kansas City, Kansas.**

> s/ Daniel D. Crabtree
> Daniel D. Crabtree
> United States District Judge